IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-263 T
(Judge Lawrence M. Baskir)

WALTER S. NEWBERN and SALLY H. NEWBERN,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

# Answer

Defendant, the United States, through its attorneys, and after the inquiry required by 28 U.S.C. § 520, hereby answers the complaint in the above-captioned case. Defendant respectfully denies each and every allegation contained therein not specifically admitted below.

In response to particular paragraphs of the complaint, defendant further:

1. Admits that Walter S. Newbern and Sally H. Newbern are plaintiffs herein, and states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 1.

2. Admits the allegation contained in ¶ 2.

3. States that the allegations contained in ¶ 3 constitute plaintiffs' characterization of the legal basis of this suit, to which no response is necessary.

4. States that jurisdiction, if it exists, is conferred by 28 U.S.C. § 1491(a).

5. States that the allegation that the Newberns filed a "timely" joint income tax return for calendar year 1987 constitutes a legal conclusion, to which no response is necessary. Avers that the Newberns filed a joint federal income tax return for calendar year 1987 on July 4, 1988. Admits the remaining allegations contained in ¶ 5.

6. Admits the allegations contained in ¶ 6.

7. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7.

8. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence of ¶ 8 that the Newberns realized a loss on the worthlessness and termination of Vanguard. States further that the allegation contained in the first sentence of ¶ 8 constitutes plaintiffs' characterization of the legal basis

of this suit, and, alternatively, a conclusion of law, to which no response is necessary. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in the second sentence of ¶ 8. Denies the allegation contained in the third sentence of ¶ 8 that a refund is due to the Newberns.

8.A. With respect to the allegations contained in the first sentence of ¶ 8.A, admits that there was litigation in the Tax Court pursuant to 26 U.S.C. § 6226 with respect to Vanguard and its activities. States that the allegation contained in the second sentence of ¶ 8.A constitutes a legal conclusion, to which no response is necessary.

8.B. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8.B.

8.C. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8.C, and, alternatively, that the allegations constitute plaintiffs' characterization of the legal basis for this suit, or a legal conclusion, to which no response is necessary.

8.D. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8.D, and,

alternatively, that the allegations constitute plaintiffs' characterization of the nature of their refund claim, to which no response is necessary.

8.E. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8.E. States further that the allegations contained in the third sentence of ¶ 8.E constitute plaintiffs' characterization of the legal basis of this suit, to which no response is necessary.

8.F. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in the second sentence of ¶ 8.F that "The Newberns received no distribution of cash or marketable securities or relief of any partnership debt." States that the remaining allegations contained in ¶ 8.F constitute plaintiffs' characterization of the legal basis for this suit, and, alternatively, conclusions of law, to which no response is necessary.

8.G. States that the allegations contained in ¶ 8.G constitute conclusions of law, to which no response is necessary.

8.H. States that the allegations contained in ¶ 8.H constitute conclusions of law, to which no response is necessary.

8.I. States that the allegation that plaintiffs' claim was "timely pursuant to § 6230(c)(2)(B)" constitutes a conclusion of law, to which no

response is necessary. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 8.I.

8.J. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8.J, and, alternatively, that the allegations constitute plaintiffs' characterization of the nature of their refund claim, to which no response is necessary.

9. States that the allegation that this suit is "timely" constitutes a conclusion of law, to which no response is necessary. Avers that, on May 9, 2005, the IRS disallowed a refund claim for 1987 filed by the Newberns. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶ 9.

10. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 10.

JURISDICTIONAL DEFENSES

11. This Court lacks subject matter jurisdiction, insofar as the complaint seeks a tax refund, if plaintiffs failed to file a timely refund claim.

12. This Court lacks subject matter jurisdiction, insofar as the complaint seeks a tax refund, if plaintiffs failed to file the complaint within the period prescribed by § 6532(a) of the Internal Revenue Code.

## AFFIRMATIVE DEFENSE

13. Plaintiffs may be barred by the doctrine of *res judicata* or *collateral estoppel* from seeking a tax refund, because plaintiffs are bound by one or more decisions of the United States Tax Court relating to partnerships in the Elektra partnership group, including Vanguard. *See, e.g.*, *Vulcan Oil Tech. Partners v. Comm'r*, 110 T.C. 153 (1998).

Respectfully submitted,

s/Karen Servidea
KAREN SERVIDEA
*Attorney of Record*
*U.S. Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 616-3423
(202) 514-9440 (fax)

RICHARD T. MORRISON
*Acting Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven I. Frahm
Of Counsel

September 24, 2007